Chen v. Holder

BIA
Vomacka, IJ
A089 915 688

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand fourteen.

PRESENT:
            JON O. NEWMAN,
            DENNIS JACOBS,
            PIERRE N. LEVAL,
                *Circuit Judges.*

_____

SONG MEI CHEN,
        *Petitioner,*

        v.                                          10-3549
                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Michael Brown, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney

**General; Paul Fiorino, Senior Litigation Counsel; Katherine A. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Song Mei Chen, a native and citizen of the People's Republic of China, seeks review of an August 25, 2010, decision of the BIA, affirming the December 18, 2009, decision of Immigration Judge ("IJ") Alan Vomacka, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Song Mei Chen*, No. A089 915 688 (B.I.A. Aug. 25, 2010), *aff'g* No. A089 915 688 (Immig. Ct. N.Y. City Dec. 18, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quotation marks and citations omitted). The applicable standards of review are well established. *See*

07162014-B1-1                                    2

8 U.S.C. § 1252(b)(4)(B); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

## I.  Past Persecution

The agency may, considering the totality of the circumstances, base a credibility finding on inconsistencies in an applicant's statements and other record evidence without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's determination that Chen was not credible as to her claim that family planning officials had forced her to terminate a pregnancy.

Chen admitted that neither she nor her husband mentioned her alleged forced abortion during her husband's removal proceedings, in which he sought asylum based on his fear of persecution under China's coercive population control program.  *See Xiu Xia Lin*, 534 F.3d at 166 n.3. That omission was significant because, at the time of his application, Chen's husband would have qualified for asylum based on Chen's alleged forced abortion.  *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 299 (2d Cir. 2007).

07162014-B1-1                              3

Chen did not provide a compelling explanation for this omission. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Having questioned Chen's credibility, the agency reasonably relied further on her failure to provide certain evidence corroborating her claim or rehabilitating her testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). For example, the agency reasonably required supporting testimony from Chen's husband, as he had an interest in the outcome of her proceedings. Her husband's immigration status did not prevent him from testifying. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011). Additionally, Chen's abortion certificate did not rehabilitate her claim that family planning officials used force during her alleged procedure, *see Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 263 (2d Cir. 2007). The United States Department of State has reported that "the only document that might resemble [an abortion] certificate . . . is a document issued by hospitals upon a patient's request after a voluntary abortion." Bureau of Democracy, Human Rights and Labor, U.S. Dep't of State, *China: Profile of*

*Asylum Claims and Country Conditions* 24 (Apr. 14, 1998), *quoted in Xiao Xing Ni*, 494 F.3d at 263.

Given the inconsistency and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167.

**II. Well-Founded Fear of Persecution**

For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's determination that Chen failed to demonstrate her eligibility for relief based on her fear of future persecution for her alleged violation of China's population control program. *See id.* at 158-72. The agency did not err in giving diminished weight to a statement from Chen's father stating that family planning officials wanted to sterilize and fine her because it was written by an interested witness who was not subject to cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters by interested witnesses not subject to cross-

examination), *abrogated on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk